UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO. 23-cv-23174-WPD

ELLA WIGFALL,

        Plaintiff,

v.

CARNIVAL CORPORATION,

        Defendant.

_____/

## DEFENDANT CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, (hereinafter "CARNIVAL"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff's claim for damages contained in the Complaint, and states as follows:

## ANSWER

1. Defendant admits this action is subject to this Court's jurisdiction, United States General Maritime Law applies, and Plaintiff was a passenger onboard the Carnival *Horizon* on September 6, 2022, subject to the terms and conditions of the pertinent Ticket Contract, which designates this Court for this action. Denied as to all else.

2. Denied as unknown.

3. Defendant admits its principal place of business is in Doral, Florida. Denied as to all else as phrased.

4.      Defendant admits it operated the Carnival *Horizon,* on September 6, 2022. Denied as to all else.

5.      Denied as phrased.

6.      Defendant admits Plaintiff was a passenger onboard the Carnival *Horizon* on September 6, 2022, subject to the terms and conditions of the applicable ticket contract.

7.      Denied.

## COUNT I

Defendant, CARNIVAL, hereby adopts and re-alleges the responses to the allegations contained in Paragraphs 1 through 7  above as set forth in full herein.

8.      Denied as an inaccurate and incomplete statement of law.

9.      Denied, including all subparts (a)-(d).

10.     Denied.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION, states as follows:

## FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant asserts that the negligence, actions and/or misconduct of the Plaintiff were the sole and proximate cause of any and all injuries which are alleged in the Complaint, thereby precluding or diminishing Plaintiff's recovery pursuant to the Doctrine of Comparative Negligence.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant asserts that the Plaintiff's action is precluded by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate his/her damages, if any, thereby precluding or diminishing Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant further affirmatively avers Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition, which was not aggravated by the alleged accident claimed herein.  Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery he/she obtains herein must be limited to the percentage of aggravation he/she suffered as a result of this alleged accident.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were

legally caused by the conduct of third parties, who were not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant asserts that some or all of the Plaintiff's claims are time barred by law or by laches.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant asserts that the Plaintiff failed to seek timely and/or appropriate medical treatment for his/her alleged injuries, and/or failed to follow the advice of his/her doctors which failure exacerbated the alleged injuries and any award of damages to the Plaintiff must be proportionately reduced.

WHEREFORE, Defendant, CARNIVAL, having answered Plaintiff's Complaint and raised affirmative defenses thereto, prays Plaintiff's action be dismissed with prejudice.

VALENTINA M. TEJERA, ESQ.
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-7556 Direct Phone

By:__*s/ Valentina M. Tejera, Esq.*__
Valentina M. Tejera, Esq.
Fla. Bar No: 536946

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Valentina M. Tejera, Esquire
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-7556 Direct Phone

By:____*s/ Valentina M. Tejera, Esq.*
Valentina M. Tejera, Esq.
Fla. Bar No.: 536946

## SERVICE LIST

| Darryn Lawrence Silverstein, Esq.<br>Gregg Alan Silverstein, Esq.<br>Silverstein, Silverstein , Silverstein, P.A.<br>20801 Biscayne Boulevard, Suite 504<br>Aventura, FL 33180<br>Telephone: (305) 935-2500<br>Facsimile: (305) 935-3214<br>gsilverstein@ssspa-law.com<br>*Attorneys for Plaintiff* | Valentina M. Tejera, Esq.<br>CARNIVAL CRUISE LINE<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-7556<br>Facsimile: (305) 406-4732<br>vtejeragioia@carnival.com<br>*Attorney for Defendant* |
|---|---|

[Service via CM/ECF Notice of Electronic Filing]